GOURLEY *v.* TURNPIKE Co.

(*Nashville.* March 14, 1900.)

1. TURNPIKE COMPANIES. *Enforcement of forfeiture for nonpayment of tolls.*

The statutory forfeiture for refusal to pay tolls cannot be enforced or collected by a turnpike company that fails to place its gates at the required distances apart, or to keep its road in lawful repair and properly mile-marked; and therefore evidence tending to show its default in these respects is admissible in defense of its action to recover such forfeiture. (*Post, pp. 305–309.*)

Cases cited: Turnpike Co. *v.* State (oral opinion); Strong *v.* Dunlap, 10 Hum., 425; Turnpike Co. *v.* Campbell, 2 Hum., 467.

2. SAME. *Discretion in locating gates.*

The discretion conferred by charter or statute upon a turnpike company to locate its gates is exhausted and forever determined by a single exercise, and thereafter its gates become fixed and immovable. (*Post, p. 310.*)

Case cited and approved: Turnpike Co. *v.* Turnpike Co., 2 Swan, 282.

---

FROM DAVIDSON.

---

Appeal in error from Circuit Court of Davidson County. J. W. BONNER, J.

RUTHERFORD & RUTHERFORD for Gourley.

PARDUE & BASS for Turnpike Co.

W. L. GRIGSBY, J. This suit was brought by the Nashville & Goodlettsville Turnpike Company,

20 P.—20

Gourley *v.* Turnpike Co.

a corporation organized and incorporated under the laws of this State, against Dan Gourley for a forfeiture of $5 as prescribed by its charter for passing through one of its gates, known as gate No. 2, and refusing to pay toll.

The case was tried by the Circuit Judge on an appeal to that Court from a Justice of the Peace, without the intervention of a jury, resulting in a judgment against Gourley and in favor of the turnpike company. The plaintiff below appealed, and assigns as error the refusal of the trial Court to allow him to introduce proof to establish his defense. (1) That the turnpike company was operating its pike in violation of its charter and against the statute laws of the State, in this, that it did not have the road properly mile-marked as required by the statute; that the road was in bad condition, and not such a road as would justify the collection of toll from the traveling public. (2) That the company was maintaining unlawful gates; that the charter under which the company derived its power to demand and receive toll requires the gates to be not less than five miles apart, consequently, in effect, the turnpike company was attempting to collect a forfeiture for failing to pay toll when it had no authority to collect toll.

It is immaterial at which gate the defendant below refused to pay toll. If he was liable to pay the toll demanded, and refused and went

through the gate regardless of the demand to pay, then a suit for a forfeiture of five dollars would be maintainable; on the other hand, to legally maintain a suit for a forfeiture, it must first appear that the demand to pay toll was a proper demand, and that the turnpike company had the legal right to collect it.

It will not be seriously contended that if the turnpike company had no legal right to demand and receive toll from the traveling public, who had occasion to pass over its road, that it could successfully prosecute a suit for a forfeiture on refusal to pay toll.

The defendant below offered to prove that the gates designated as gates Nos. 7 and 2 were within $3\frac{1}{4}$ miles of each other, when the charter of the turnpike company requires the gates to be five miles apart.

It is insisted, however, that the statute laws of the State permitted the company to move the gate one mile from a city or town, and resultingly nearer together. Concede this to be true, then the defendant's contention would still have some bearing on the case, because he claims the gates are only $3\frac{1}{4}$ miles apart.

It is also insisted that to allow a defense of this kind would be a collateral attack upon the charter, that other remedies are provided by which a chartered turnpike company can be made to do the things required in its charter, and that pro-

ceedings to have the charter forfeited would be the remedy of defendant below if he was not satisfied with the condition of the pike.

We think the right to maintain a suit for a forfeiture of five dollars, as prescribed by the charter, and also by statute, depends upon the legal demand and right to collect toll. The forfeiture of five dollars is based upon a refusal to pay legal tolls, then, as a result, if the gates are nearer than authorized by law, a demand for toll at either gate would be an attempt to collect illegal charges, and the party upon whom the demand was made would have the right to decline to pay without bringing himself under the forfeiture statute or forfeiture provision of the charter.

We think that the Circuit Judge was in error in refusing to admit proof tendered to show the distance between gates Nos. 7 and 2, as also the mile marks and condition of the pike. This proof is permissible, and should not have been excluded by the trial Judge.

The judgment of the Circuit Court is reversed and the case remanded.

JUDGE BEARD dissented.

---

OPINION ON PETITION TO REHEAR.

W. L. GRIGSBY, J. This case was heard and

determined at a former day of the term. A petition is filed to rehear.

The case was decided and opinion rendered based upon the ground that the trial Judge refused to hear proof tendered by the plaintiff in error to the effect that the gates on the pike were nearer together than allowed by law.

It is insisted by counsel for defendant in error that its charter does not require the gates to be five miles apart; that it is left with the directors to say where and at what distance apart the gates shall be established; that notwithstanding the defendant in error acquired its charter right by purchase of the Nashville & Kentucky Turnpike Company, and that the Nashville & Kentucky Turnpike Company got its powers, privileges, duties, and restrictions from the Franklin Turnpike Company; that the Nashville & Kentucky Company were allowed, under a special section of the charter, to locate or establish gates at such points as in the discretion of the directors it was thought best to place them. The defendant in error also insists "as on the first hearing," that the statute laws requiring mile-marks and road to be kept in good repair, does not apply to this company, because passed long after the charter to the old company was issued, and that the statute was not intended as a police regulation.

From an examination of the case of *L. & N. Turnpike Co.* v. *N. & K. Turnpike Co.*, 2 Swan,

282, it is seen that this Court held that the provisions in the two charters in respect to the location of gates were not similar or consistent, and could not stand together. The Nashville & Kentucky Turnpike Company's charter confers and imposes upon it the same rights and duties as those stated in the charter of the Franklin Turnpike, except as otherwise provided for in the Nashville & Kentucky Turnpike charter, and the discretion to locate gates is one of the excepted provisions.

In the same case it is held: "But the election being made, the discretion is determined, and the gates become fixed and immovable. In such case the doctrine of election applies in full force. The defendant has been permitted to locate its gate at its discretion; to that it was entitled, but the charter does not permit it to change their location. It is to the interest of the public that they be permanent; and in case of election the rule is, "If a person once determines his election, it shall be determined forever."

The insistence in the present case, however, is that gate No. 7 was moved out of the limits of the town of Goodlettsville by authority of Chapter 109, Acts of 1897, which provides:

"That any turnpike company whose first tollgate, nearest a town or city was located by its charter, or amendments thereto, and has since been taken into the corporation limits by the extension

of the corporation line or limit of the town, if the same be unincorporated, may move and locate said first tollgate out on said turnpike, not more than two miles from the corporation line or limit of said town.

"Sec. 2. That if said turnpike has more than two tollgates located upon it, such turnpike company, within one year after the removal of the first tollgate, shall abolish and discontinue the second tollgate on said road, and move and relocate the third gate not more than one mile nearer the first gate, but if said turnpike has only two tollgates located upon it, the second gate shall remain as authorized by law."

If the defendant in error claims the removal and relocation of gate No. 7 as a discretionary right under its charter, we find the 2 Swan case interposing an obstacle. If the removal is based upon the Acts of 1897, then it is an open question how many gates are on this pike. Is gate No. 7 a double gate, collecting two charges or one? Are there more gates than Nos. 2 and 7; if so, has the statute been complied with, and has the turnpike company accepted the terms of the Act of 1897? These questions are necessarily matters of fact that can be determined only by proof, and to exclude evidence tendered with the view of showing these facts would be error.

As before stated in this case, before a suit

can be maintained for a forfeiture as provided for either by the charter or by statute, the turnpike company must show a legal right to demand and collect toll, and gates located in violation of its charter or the statute laws applicable to it, would render the collection of toll a hardship and a burden upon the traveling public, not warranted by the spirit and meaning of the chartered rights. This is an attempt to enforce the collection of a forfeiture for failing to pay a legal demand. If it can be shown that the demand is not a legal one, then the action must necessarily fail. In the case of *Nashville & Duck River Ridge Turnpike Company* v. *The State,* heard by this Court in 1896 (unreported case), Justice Wilkes delivering the opinion of the Court, held that where the charter of a turnpike company provided that its gates should not be nearer together than five miles, a collection of toll from a traveler passing through gates nearer together than required was an illegal collection, and, being an illegal collection, was a violation of the law and a misdemeanor, subjecting the company to indictment. The same opinion further held that if the gate was moved back, as allowed by statute passed since the issuance of the charter, that before the turnpike company could avail itself of its provision as a defense, it must show by some affirmative action that it had accepted the provision of the statute.

In the case of *String* v. *Dunlap & Sanderton*, 10 Hum., 425, the contention was over the construction of a bridge across a stream, and the questions involved were not such as raised in this case. In that case it was held that if the bridge was not in proper condition, and any damages resulted therefrom, the injured party had his right at law for damages. That case, however, is not in point.

In the case of *Franklin & Columbia Turnpike Co.* v. *Campbell,* 2 Hum., 467, the question raised in the pleadings was the proper construction of the road as to distance. The charter required the company to construct the road so as to reach certain points by the shortest and best route. In that case it appeared that the gate nearest to the town of Columbia was improperly located. The charter required the road to be built to the corporation line, and a gate could be located two miles out from the town. It seems that the pike only went to the bridge, and not to the point designated in the charter. In a suit brought by the company to collect toll from a traveler, the Court affirms the judgment below in favor of the defendant, but this case is not in point, and we do not by any means intend to change either of said cited cases.

In any aspect of this case before us as originally presented or as presented by petition to rehear, the result would necessarily be the same.

The evidence tending to show the illegal location of gates should have been heard under the rules governing such matters, and as the result would be the same, and being satisfied with the rule of law as given in the first opinion, basing it alone on the removal of gates, and locating gates nearer than allowed by charter or statute law, we disallow the petition and dismiss the same.